# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

HAROLD FOLEY,

    Petitioner,

-vs-                                              Case No.  8:13-CV-2926-T-30TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

This matter is before the Court upon Petitioner's Motion to Stay, Hold in Abeyance or Dismiss Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Dkt. 5) in which Petitioner requests the Court either stay and hold this action in abeyance to allow Petitioner an opportunity to pursue post conviction relief in state court, or, in the alternative, dismiss this action without prejudice.

## DISCUSSION

"[A] district court should grant a stay [of a § 2254 petition] only where 'the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" *Heleva v. Brooks*, 581 F.3d 187, 190 (3d Cir.2009) (quoting *Rhines v. Weber*, 544 U.S. 269, 278 (2005)).  Petitioner has not demonstrated that his unexhausted claims are potentially meritorious.  Therefore, he has failed to meet the second prong of the *Rhines* test.

Consequently, Petitioner has not met his burden to demonstrate that holding this proceeding in abeyance is warranted.

Nevertheless, although a stay and abeyance is not warranted, a voluntary dismissal of this action is warranted. Rule 41(a)(1)(A)(i), Federal Rules of Civil Procedure, provides that an action may be dismissed without an order of the court by filing a notice of dismissal at any time before the opposing party serves either an answer or a motion for summary judgment.[1] Because Respondent has not yet served a response to the petition in the instant case, Petitioner is automatically entitled to a voluntary dismissal at this time.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's Motion to Stay, Hold in Abeyance or Dismiss Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Dkt. 5), construed as a notice of voluntary dismissal, is **GRANTED** solely to the extent that this action is **DISMISSED** without prejudice.[2] The motion is otherwise **DENIED**.

2. The **Clerk of Court** shall close this case.

**DONE** and **ORDERED** in Tampa, Florida on January 6, 2014.

SA:sfc
Copy to: Prisoner *pro se*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

---

[1] See Rule 11 of the Rules Governing Section 2254 Proceedings (district court may apply the Federal Rules of Civil Procedure consistent with the Rules Governing Section 2254 Proceedings).

[2] Petitioner is cautioned that the time in which a federal habeas petition is pending does not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167, 172 (2001) (holding that an application for federal habeas corpus review <u>does</u> <u>not</u> toll the one-year limitation period under § 2244(d)(2)).

2